IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> and STATE OF ILLINOIS *ex rel.* ) <br> CHERRY GRANT, ) <br> ) <br>        Plaintiff, ) <br> ) <br>        v. ) <br> ) <br> THOREK HOSPITAL AND ) <br> MEDICAL CENTER and ) <br> SPECIALCARE HOSPITAL ) <br> MANAGEMENT CORPORATION ) <br> ) <br>        Defendants. ) | No. 04 C 8034 <br><br> Wayne R. Andersen, <br> District Judge |

## MEMORANDUM OPINION and ORDER

This matter is before the court on defendants Thorek Hospital and Medical Center ("Thorek Hospital") and SpecialCare Hospital Management Corporation's ("SpecialCare") motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). For the following reasons, the motion to dismiss plaintiff's second amended complaint is granted with prejudice.

## BACKGROUND

This is a *qui tam* action against defendants Thorek Hospital and SpecialCare under the False Claims Act ("FCA"), 31 U.S.C. § 3729, and the Illinois Whistleblower Reward and Protection Act ("IWRPA"), 740 ILCS § 175/3(a), claiming that defendants engaged in various acts designed to defraud both the United States Government and State of Illinois by submitting fraudulent claims for reimbursements for hospitalization and other services. Plaintiff-relator Cherry Grant claims to have witnessed this fraudulent activity while she was employed by Thorek Hospital as a charge nurse. During the course of Grant's employment, Thorek Hospital

contracted with SpecialCare, a private corporation, to provide drug treatment, therapy, and "detox" services for patients who met certain requirements.

This is the second motion to dismiss that defendants have filed in this case. This court granted defendants' first motions to dismiss on August 29, 2007, finding that Grant's first amended complaint was deficient under Federal Rules 9(b) and 12(b)(6) because she had failed to plead fraud with the requisite particularity and failed to plead facts sufficient to state causes of action under either the FCA or the IWRPA. *See United States ex rel. Grant v. Thorek Hospital and Medical Center*, 2007 WL 2484333 (N.D. Ill. Aug. 29, 2007). Specifically, we held that Grant's failure to allege any details regarding any false claims actually submitted to either the United States Government or the State of Illinois was fatal to her FCA and IWRPA causes of action for the submission of false claims. In addition, we held that Grant also failed to allege facts sufficient to state any claim for retaliation. Defendants' motions to dismiss the first amended complaint were granted without prejudice, and Grant was given leave to file an amended complaint consistent with the court's Opinion.

On October 3, 2007, Grant filed a second amended complaint, and defendants again have filed a motion to dismiss that complaint. After reviewing the second amended complaint and the briefing submitted in support of and in opposition to defendants' motion to dismiss, it now is clear that Grant cannot correct the deficiencies in her claims. Despite guidance from this court in our previous Opinion dismissing the first amended complaint, Grant again has failed to adequately plead any cause of action for the submission false claims or retaliation under the FCA or the IWRPA. Therefore, the second amended complaint should be dismissed with prejudice pursuant to Federal Rules 9(b) and 12(b)(6).

DISCUSSION

When resolving a motion to dismiss, we view the allegations of the complaint to be true and consider all well-pleaded facts and any reasonable inferences from the facts in the light most favorable to the plaintiff. *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1994). Dismissal is proper only if it is clear from the complaint that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances of fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Generally speaking, this standard of particularity requires that a plaintiff specify the "who, what, when, where, and how" of the alleged fraud. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Simple conclusory allegations of fraud do not satisfy the Rule 9(b) standard. *United States ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604-05 (7th Cir. 2005).

*A. Counts I and II: False Claims Act and Illinois Whistleblower Reward and Protection Act*

In order to plead a cause of action for the submission of false claims under the FCA and IWRPA, Grant must plead with particularity the details of *actual claims* submitted to the government by Thorek in connection with the alleged fraudulent practices. As set forth in our previous Opinion, a relator who brings a suit under these statutes must at the very least provide some representative examples of the alleged fraudulent activity:

> [t]he whole point of relator's case is that defendants submitted [fraudulent] Medicare claims . . . . But which patients? And which claims? And which claims or other documents show defendants falsely certified their compliance with federal law? These questions are absolutely essential to relator's claim of fraud.

3

*Thorek*, 2007 WL 2484333, at *2 (quoting *Petersen v. Community General Hosp.*, No. 01 C 50356, 2003 WL 262515, at *2-3 (N.D. Ill. Feb. 7, 2003)). Also discussed in our previous Opinion is a case from the First Circuit Court of Appeals which provides insight into what courts should look for:

> details concerning the dates of the claims, the content of the forms or the bills submitted, their identification numbers, the amount of money charged to the government, the particular goods and services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices. . . .

*Id.* (quoting *United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 232-33 (1st Cir. 2004)). While this is not a list of requirements, providing the details set forth above is helpful to the court when evaluating whether a relator has stated a claim with particularity. *Id*.

Again, Grant has failed to plead sufficient details of any allegedly false claim under either the FCA or IWRPA. In fact, Grant does not identify or plead the specifics of even one false claim for reimbursement actually submitted by Thorek to the government. Notably, Grant alleges that these false and fraudulent billing practices have occurred throughout her employment with Thorek since at least 2001 and possibly 2000, yet she has included allegations of conduct that only occurred in late December of 2002. Second Amended Compl. ("SAC") ¶¶ 17-21, 28-29.

Specifically, the second amended complaint does not include any details regarding: the date on which any claim was submitted by Thorek; the content of any claim; the identification number of any claim; who submitted any false claim to the government; what amount of reimbursement improperly was claimed from the government; when or where those claims were submitted; or how any claims submitted were false. Instead, Grant again makes only broad allegations that Thorek fraudulently sought reimbursement from the government through an

alleged scheme of falsification of patient charts and fraudulent admission of patients by Dr. Gordon and Dr. Pandit. SAC ¶¶ 20-26. For example, Grant alleges that "fraudulently-altered charts would . . . be sent to the billing company, who would in turn bill Medicare for the bogus doctor visits, and for which Thorek fraudulently sought reimbursement from the government." SAC ¶ 26. This is mere conjecture and speculation and is not sufficient to withstand a motion to dismiss. Grant has not established the necessary connection between her vague allegations of improper conduct and billing practices by independent physicians and other unnamed persons and the submission by Thorek of false claims for reimbursement to the government.

Based on the allegations set forth in the second amended complaint, we find that Grant again has failed to satisfy the Federal Rule 9(b) standard of specificity. She has alleged violations of the FCA and IWRPA in a general manner with conclusory allegations and has not provided sufficient details to survive this motion to dismiss. Accordingly, defendants' motion to dismiss Counts I and II is granted with prejudice.

*B. Counts III and IV: Unlawful Retaliation under the FCA and IWRPA*

In our previous Opinion dismissing the retaliation claims, we outlined the three elements that Grant must satisfy in order to state a claim for retaliatory discharge under the FCA and IWRPA. *Thorek*, 2007 WL 2484333, at *4. Specifically, we held that a relator must allege: (1) the relator's actions were done to promote a FCA claim and therefore were protected by the statute; (2) the relator's employer was aware that relator was engaged in protected activity; and (3) the relator's firing was motivated, at least in part, by the protected activity. *Id.* (citing *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004); *Brandon v. Anesthesia & Pain Mgt. Assocs., Ltd.*, 277 F.3d 936, 944 (7th Cir. 2002)). Grant again has failed to plead sufficient allegations in support of these necessary elements.

5

The Seventh Circuit has broadly interpreted what constitutes "protected activity" under the FCA and has adopted the following standard to determine if an employee's actions are protected: whether the employee in good faith believes, and a reasonable employee in the same or similar circumstances might believe, that her employer is committing fraud against the government. *Fanslow*, 384 F.3d at 479-80. In the second amended complaint, Grant alleges that she refused to take part in conduct she suspected was unlawful and that she "suggested to Doctor Gordon that she was going to report false claims to an outside agency." SAC ¶ 40. As this court previously held, such conduct is not protected by the FCA or IWRPA. *Thorek*, 2007 WL 2484333, at *4. Grant does not allege that she was investigating any alleged fraud Thorek was committing against the government or that she intended to bring an action under the FCA or IWRPA. Indeed, Grant admits that she does not have any knowledge of any claim Thorek actually submitted to the government and does not identify any actions she undertook to identify such claims. As such, Grant again has failed to plead any facts to suggest that she was engaged in protected conduct under the FCA or IWRPA.

Second, Grant fails to allege facts sufficient to demonstrate that Thorek knew she was engaged in protected activity. Grant does not allege that she ever informed Thorek that she was investigating any fraud on the government. At most, she alleges that she "suggested" to Dr. Gordon that she would report "false claims" related to his alleged false documentation of patient medical records to an unidentified "outside agency." SAC ¶ 40. However, Grant does not allege any facts sufficient to establish that Dr. Gordon was employed by Thorek, much less employed in a supervisory capacity. Complaining to an outside party does not put Thorek on notice of *qui tam* action and, therefore, cannot give rise to an action for retaliation against Thorek. *See U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006)

(affirming the dismissal of a retaliatory discharge FCA claim based on plaintiff's failure to allege defendants' knowledge of her intent to bring a whistleblower suit).

Despite the Seventh Circuit's broad interpretation of *qui tam* retaliatory termination, Grant's second amended complaint again falls short of the minimum necessary to survive a motion to dismiss. Because Grant has not shown that Thorek was on notice that she was engaged in any protected conduct, she cannot establish that her discharge was motivated in any way by her actions. *Thorek*, 2007 WL 2484333, at *5. Therefore, defendants' motion to dismiss Counts III and IV is granted with prejudice.

C. *Count V: Retaliatory Discharge*

Grant alleges retaliatory discharge in violation of Illinois law in Count V of the second amended complaint. In our previous Opinion, we declined to address this state law claim because we dismissed the federal claims. However, the court now will address the merits of Grant's claim for retaliatory discharge under Illinois common law. In order to state such a claim, a plaintiff must allege and establish: (1) she has been discharged; (2) in retaliation for her activities; and (3) the discharge violates a clear mandate of public policy. *Stebbings v. University of Chicago*, 312 Ill. App. 3d 360, 365 (2000).

As discussed above, Grant has failed to allege facts sufficient to establish that she was discharged in retaliation for her activities. In addition, Grant has failed to allege how any alleged wrongful conduct by Thorek violated any public policy. Grant argues in her response to defendants' motion to dismiss Count V that this claim in based on Illinois' public policy against public health benefits fraud. However, Grant does not set forth any allegation that Thorek ever submitted a false claim for public health benefits. Although Grant alleges that patients were admitted to Thorek's Detox Unit who did not meet certain admission criteria and certain

information in patients' records were falsified by physicians, such allegations do not give rise to an inference that Thorek was engaged in conduct that violates a public policy against public health benefits fraud or that false or fraudulent claims were submitted to the government. *See Engstrom v. Provena Hospitals*, 353 Ill. App. 3d 646 (2004) (affirming trial court's dismissal of wrongful termination claim in which plaintiff alleged she reported falsification of medical records but did not allege how such conduct violated Illinois public policy or compromised the health of defendant's patients).

The Illinois Supreme Court "has consistently sought to restrict the common law tort of retaliatory discharge." *Fisher v. Lexington Health Care Inc.*, 188 Ill. 2d 455, 467 (1999). Grant's speculative and conclusory allegations do not support the expansion of that tort in this case. Thus, Count V is dismissed with prejudice.

## CONCLUSION

For all of the forgoing reasons, defendants' motion to dismiss [78] is granted with prejudice. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: April 25, 2008